■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE STEVEN LI VECCHI, Appellant.— Judgment unanimously reversed on the law and facts and a new trial granted. Memorandum: The verdict was against the weight of the evidence. Furthermore, the failure of the People to produce very important exhibits on this appeal seriously affected defendant's right to review the judgment of conviction. An examination by this court of physical exhibits such as the two pieces of the nail file could have been determinative of this entire appeal one way or the other. There is also an absence of reports from the Federal Bureau of Investigation, not satisfactorily explained, as to exhibits that were sent to the bureau for inspection and analysis. (Appeal from judgment of Monroe County Court convicting defendant of burglary, third degree.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

■ NICHOLAS J. RAKIECKI, Respondent, v. JOHN FERENC et al., Appellants. — Judgment as to defendant John Ferenc unanimously reversed on the law and in the exercise of discretion and a new trial granted, and otherwise judgment affirmed, with costs to respondent. Memorandum: At the opening of the trial of this action and while the first witness was testifying it was disclosed that the defendant John Ferenc was then confined to Matteawan State Hospital for the criminally insane. The same information developed on two subsequent occasions, the last of which indicated Ferenc's commitment was by order of the Erie County Court dated June 29, 1962. Section 207 of the Civil Practice Act (then in effect) provided that the Supreme Court could at any stage in any action appoint a guardian ad litem or special guardian for an incompetent person. The failure of the court to afford the incompetent this protection under the circumstances existing was improvident and requires the reversal of the judgment against him. The defendant Diane Ferenc was the owner of the vehicle which was being driven by her husband with her knowledge, permission and consent. The infirmity of the judgment against John Ferenc does not affect the judgment against the owner and that judgment is affirmed. (Appeal from judgment of Erie Trial Term in favor of plaintiff in an automobile negligence action.) Present — Williams, P. J., Bastow, Goldman, Henry and Noonan, JJ.