■ STATE BANK OF ALBANY, Respondent, v. RICHARD B. MURRAY, Appellant.— GIBSON, P. J. Appeal by defendant from an order of the Supreme Court which denied his motion to be relieved of a judgment entered against him upon his default in appearing and to be permitted to appear, answer or move with respect to the complaint, in an action to recover the amount allegedly due upon a retail installment contract for the sale and purchase of an automobile. Attached to the moving papers is a purported certificate of defendant's birth on July 30, 1945. The answering affidavit alleges that a school record indicates his date of birth as July 1, 1944 and that an employment record sets forth the date as July 31, 1945. The contract was dated October 13, 1965; about two months later defendant surrendered the automobile to the dealer, in the presence of a representative of the plaintiff, the dealer's assignee; on March 2, 1966, this action was commenced by service of a summons; on April 1, 1966, judgment was entered upon defendant's default in appearing; and on June 7, 1966, the motion to be relieved was made, by order to show cause dated that day.

If defendant was born on July 30, 1945, he was, of course, an infant on the date of the contract and on the date of the service of the summons and the date of the entry of the judgment as well. In such case his infancy, pleaded in his proposed answer submitted on the motion, constituted a meritorious defense to the action. (*Sternlieb* v. *Normandie Nat. Sec. Corp.*, 263 N. Y. 245; *International Text Book Co.* v. *Connelly*, 206 N. Y. 188; 28 N. Y. Jur., Infants, § 44.) In such case, also, service of the summons upon the infant alone was insufficient (CPLR 309, subd. [a]); his representation by a guardian ad litem or one of the other persons indicated by the statute was required (CPLR 1201, 1202); and judgment could not be entered against him by default except after appearance by his representative or the expiration of 20 days from the appointment of a guardian ad litem (CPLR 1203). There is no indication that any of these requirements were met and although the failure of compliance therewith is not specifically averred as a ground of the application, a judgment thus entered would be not merely voidable but void (*Ingersoll* v. *Mangam*, 84 N. Y. 622, 625; *Matter of Spring*, 280 App. Div. 642) and we are not at liberty to overlook the jurisdictional defect in such case existing. However, in view of whatever issue there may be as to defendant's age, the motion should be remitted to the Special Term for determination of that issue after opportunity to the parties to produce further proof should they, or either of them, be so advised. Order reversed, on the law and the facts, and matter remitted to Special Term, without costs. Reynolds, Staley, Jr., and Brink, JJ., concur with Gibson, P. J.