■ LINDA PALAGANAS et al., Respondents, v D.R.C. INDUSTRIES, INC., et al., Appellants. (And Two Other Actions.)—Order, Supreme Court, New York County, entered February 24, 1978, *inter alia,* restoring the action to the calendar for immediate assessment of damages against defendant Alfred Brunnelle, is unanimously reversed, on the law and the facts, and in the exercise of discretion, without costs and without disbursements; plaintiffs' motion to restore the action to the calendar for immediate assessment of damages against said defendant Brunnelle, is denied; the cross motion of defendants to permit them to renew the motion to vacate the default of defendant Brunnelle, is granted, and the matter is remanded to the Supreme Court for a hearing to determine whether defendant Brunnelle is a person incapable of adequately defending his rights, and for further proceedings thereon. In view of the foregoing determination, the appeal from the order of Supreme Court, New York County, entered October 18, 1977, becomes academic and is dismissed, without costs and without disbursements. Despite an extremely frustrating series of failures by defendant Brunnelle to appear for examination before trial, substantial evidence is presented to indicate that said defendant "is an adult incapable of adequately * * * defending his rights" (CPLR 1201). If indeed he is so incapable, there must be a guardian ad litem for him (CPLR 1201). The courts do not "shut their eyes to the special need of protection of a litigant actually incompetent but not yet judicially declared such. There is a duty on the courts to protect such litigants". *(Sengstack v Sengstack,* 4 NY2d 502, 509; see, also, *Barone v Cox,* 51 AD2d 115, 118; *Oneida Nat. Bank & Trust Co. of Cent. N. Y. v Unczur,* 37 AD2d 480, 483-484.) As plaintiffs question the degree of defendant Brunnelle's incapacity and contend that there should be a hearing on this point, we direct such a hearing. Whether said defendant requires protection as an "incapable" person within the meaning of CPLR 1201, and what that appropriate protection should be, will depend upon the facts ascertained at the hearing. Concur—Lupiano, J. P., Silverman, Fein, Lane and Sullivan, JJ.