■ ISAAC J. SARFATY, Respondent, v EVELYN. M. SARFATY, Appellant. — Order unanimously reversed, with costs, and motion granted. Memorandum: Defendant wife appeals from an order which denied her CPLR 5015 motion to vacate a default judgment of divorce based on abandonment. She appeared and filed an answer generally denying the allegations of the complaint. At a March 28, 1980 calendar call she was permitted to proceed *pro se* after the court granted her attorney leave to withdraw. Defendant expressed a continued desire for reconciliation and undoubtedly attempted to impede the granting of a divorce to plaintiff. On April 16, 1980, while hospitalized in the Genesee Hospital Department of Psychiatry following a suicide attempt on March 28, 1980, defendant was personally served with a notice to appoint another attorney together with a court order directing that a notice be served personally upon her in the same manner as a summons (CPLR 321, subd c) and that the case would appear on the May 19, 1980 Day Calendar. When defendant failed to appear the case was adjourned until May 28, 1980. A certified letter, which was mailed to her by plaintiff's attorney advising of the adjourned calendar date, was returned as unclaimed and, upon her failure to appear, the default decree of divorce was granted. It appears from her moving papers that when defendant was discharged from the hospital on May 5, 1980 she recuperated at her mother's home in New Jersey upon her psychiatrist's recommendation until she returned to Rochester on May 26, 1980. Although plaintiff and his attorney possessed knowledge that defendant had been under psychiatric care, service of the notice upon defendant was not ineffective based upon a failure to comply with the regulations governing service of process upon mental health

patients because the record does not establish that the Genesee Hospital is a facility within the meaning of those regulations (14 NYCRR 22.2; see Mental Hygiene Law, § 1.03, subd 10; § 31.02, subd [a], par 2). Since, however, the *pro se* defendant was a patient in a mental health center of a general hospital, had been under psychiatric care for a number of years and had attempted to take her own life, she certainly may have been "an adult incapable of adequately prosecuting or defending [her] rights" (CPLR 1201) against whom a default judgment may not be entered unless a guardian ad litem is first appointed (CPLR 1203; *Palaganas v D.R.C. Inds.*, 64 AD2d 594; *Barone v Cox*, 51 AD2d 115, 118; *Oneida Nat. Bank & Trust Co. of Cent N.Y. v Unczur*, 37 AD2d 480). In *Oneida Nat. Bank & Trust Co. of Cent. N.Y. v Unczur (supra*, pp 483-484) we held that CPLR 1201 and 1203: "are to be read together and interpreted as requiring the appointment of a guardian ad litem in every case where the defendant is an adult incapable of adequately protecting his rights, before a default judgment may be entered against him. With respect to infant defendants for whom no guardian ad litem has been appointed, the courts have long held that no jurisdiction was acquired and that judgments obtained in such actions are void (see *Ingersoll* v. *Mangam*, 84 N.Y. 622; *State Bank of Albany* v. *Murray*, 27 A D 2d 627). The same rule should be applied with respect to an adult incompetent (see *Rakiecki* v. *Ferenc*, 21 A D 2d 741). This places the burden upon a plaintiff who has notice that a defendant in his action is under mental disability, to bring that fact to the court's attention and permit the court to determine whether a guardian ad litem should be appointed to protect such defendant's interests." Certainly, under the circumstances disclosed in this record plaintiff had the burden to bring the condition of defendant's mental state to the court's attention so that it could make suitable inquiry and determine whether a guardian should have been appointed for her to protect her interests and before a default judgment could be entered against her. Plaintiff failed to meet this burden and, accordingly, the default judgment is vacated pursuant to the court's inherent powers to open its judgments for sufficient reason and in the furtherance of justice *(Ladd v Stevenson*, 112 NY 325, 332; *Oneida Nat. Bank & Trust Co. of Cent. N.Y. v Unczur*, 37 AD2d 480, 483, *supra; Michaud v Loblaws, Inc.*, 36 AD2d 1013; see, generally, 9 Carmody-Wait 2d, NY Prac, § 63:186). (Appeal from order of Monroe Supreme Court, Provenzano, J. — vacate default judgment.) Present — Dillon, P.J., Cardamone, Hancock, Jr., Denman and Schnepp, JJ.