■ HOWARD KUSHNER, Appellant, v ABRAHAM D. MOLLIN et al., Respondents.—In an action to recover damages for dental malpractice, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (LeVine, J.), dated October 13, 1987, which denied his motion to vacate a stipulation of settlement entered into by his mother on May 4, 1987, and (2) as limited by his brief, from so much of an order of the same court, dated January 25, 1988, as, upon reargument, adhered to its prior determination and failed to grant those branches of his motion which were to appoint the plaintiff's brother as his guardian ad litem and to compel the transfer of the entire legal file to his current attorneys.

Ordered that the appeal from an order dated October 13, 1987, is dismissed, as that order was superseded by the order dated January 25, 1988, made upon reargument; and it is further,

Ordered that the order dated January 25, 1988, is reversed insofar as appealed from, the order dated October 13, 1987, is vacated, those branches of his motion which are to vacate the stipulation of settlement and compel transfer of the legal file are granted and the matter is remitted to the Supreme Court, Queens County, for a hearing to determine whether the plaintiff is a person capable of adequately defending his rights and requires the appointment of a guardian ad litem; and it is further,

Ordered that the appellant is awarded one bill of costs.

The adult plaintiff suffers from Down's syndrome. His mother, in full satisfaction of the action brought solely in the name of the plaintiff, entered into a stipulation of settlement with the defendants in court outside of the Judge's presence. The terms of the settlement agreement were read onto the record, but were never reduced to a writing subscribed by the parties. Nor was the settlement put in the form of a judicial

order. Under the circumstances, it cannot be said that the stipulation was entered into in "open court" *(see,* CPLR 2104; *Matter of Dolgin Eldert Corp.,* 31 NY2d 1). Additionally, we find that the court erred by not conducting a hearing to determine whether the plaintiff required the appointment of a guardian ad litem to protect his interests in the action *(see,* CPLR 1201; *Vinokur v Balzaretti,* 62 AD2d 990).

In view of the substitution of Fitzgerald & Fitzgerald, P.C., as counsel for the plaintiff, the application to compel transfer of the legal file from the former attorneys should have been granted. Weinstein, J. P., Bracken, Kunzeman and Rubin, JJ., concur.