■ JEFFREY SHAD, Respondent, v MARY A. SHAD, Appellant. —In a matrimonial action in which the parties were divorced by judgment entered June 9, 1989, entered upon the defendant wife's default in appearing at the trial, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Putnam County (Dickinson, J.), entered July 16, 1990, as denied that branch of her motion which was for the appointment of a guardian ad litem on her behalf, and to stay her eviction from the marital residence.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Putnam County, for a hearing to determine whether a guardian ad litem should be appointed for the defendant; and it is further,

Ordered that the stay of the warrant of eviction issued May 30, 1990, contained in a decision and order on motion of this court dated August 7, 1990, is continued pending a de novo determination of the defendant's motion for the appointment of a guardian ad litem; and it is further,

Ordered that if the appointment of a guardian ad litem is deemed necessary, the wife is granted a stay of the eviction for 60 days following the appointment, but if the appointment of a guardian ad litem is deemed unnecessary, the stay contained in the decision and order of this court dated August 7, 1990, shall be vacated forthwith.

The parties were divorced by a judgment entered upon the defendant's default in appearing at the trial. That judgment provided, *inter alia,* for the sale of the marital residence. After the defendant refused to vacate the premises, the plaintiff applied for and was granted a warrant of eviction, upon the defendant's default in responding to the application. Once served with the warrant, and after she applied for and was granted a temporary stay of the eviction, the defendant moved for the appointment of a guardian ad litem and to continue

the stay of the eviction. Because questions of fact exist, we find that the court should have conducted a hearing.

It is often said that courts should not "shut their eyes to the special need of protection of a litigant actually incompetent but not yet judicially declared as such" *(Sengstack v Sengstack,* 4 NY2d 502, 509) as "[t]here is a duty on the courts to protect such litigants" *(Sengstack v Sengstack, supra,* at 509; *see also, Matter of Stern,* 73 AD2d 539; *Palaganas v D.R.C. Indus.,* 64 AD2d 594). Accordingly, where there is a question of fact as to whether a guardian ad litem should be appointed, a hearing must be conducted *(see,* CPLR 1201; *Kushner v Mollin,* 144 AD2d 649; *Zioncheck v Zioncheck,* 102 AD2d 957; *Matter of Stern, supra; Palaganas v D.R.C. Indus., supra; Matter of Thomas,* 26 AD2d 514).

In the instant case, the defendant submitted two letters from her psychiatrist stating that she has been in psychiatric treatment for 13 years, is under daily medication, and suffers from mental illness that severely impairs her insight and judgment and causes her to act in a self-destructive manner. The psychiatrist unequivocally concluded that the defendant was unable to defend herself and that the appointment of a guardian ad litem was necessary. Thus, there is a question of fact requiring a hearing to determine whether a guardian ad litem should be appointed *(see,* CPLR 1201; *Kushner v Mollin, supra).* Mangano, P. J., Bracken, Lawrence and Sullivan, JJ., concur.