■ STATE OF NEW YORK, Respondent, v MARY KAMA, Appellant. [699 NYS2d 473] —In an action to recover damages for medical services rendered, the defendant appeals from an order of the Supreme Court, Suffolk County (Jones, J.), entered July 22, 1998, which denied her motion to vacate a judgment in favor of the plaintiff and against her in the total sum of $15,706.33, entered January 16, 1997, upon her default in appearing and answering.

Ordered that the order is reversed, as a matter of discretion, without costs or disbursements, the motion is granted, the judgment is vacated, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

The plaintiff commenced this action in September 1996 to recover the cost of medical services provided to the defendant in 1995 and 1996 at the University Hospital in Stony Brook. A judgment was entered January 16, 1997, upon the defendant's default in appearing and answering. On January 16, 1998, the defendant moved to vacate the judgment in the interest of justice, alleging that she had a reasonable excuse for the default and a meritorious defense (*see,* CPLR 5015 [a] [1]). The Supreme Court denied the motion.

The defendant, who received treatment at the State's facility for a bipolar affective disorder, established a reasonable excuse for her default. The defendant was hospitalized on numerous occasions for treatment of acute episodes of her illness, including episodes in August 1995, just weeks before service of the summons, and in September, November, and December 1996, just before entry of the judgment on her default. Furthermore, the defendant raised a meritorious defense that, as a recipient of Supplemental Security Income, she was eligible for government medical assistance programs. Accordingly, the Supreme Court improvidently exercised its discretion in denying her motion to vacate the judgment entered on her default.

Furthermore, the judgment must be vacated in the interest of justice as no inquiry was held before its entry as to the need for the appointment of a guardian ad litem (*see,* CPLR 1201, 1203; *State of New York v Kama,* 267 AD2d 225 [decided herewith]). The matter is remitted to the Supreme Court to determine whether a guardian ad litem should be appointed (*see, State of New York v Kama, supra*). O'Brien, J. P., Altman, Luciano and Smith, JJ., concur.