■ STATE OF NEW YORK, Respondent, v MARY KAMA, Appellant. [699 NYS2d 472] —In an action to recover damages for medical services rendered, the defendant appeals from an order of the Supreme Court, Suffolk County (Jones, J.), entered July 22, 1998, which denied her motion to vacate a judgment in favor of the plaintiff and against her in the total sum of $9,372.73, entered December 18, 1995, upon her default in appearing and answering.

Ordered that the order is reversed, as a matter of discretion, without costs or disbursements, the motion is granted, the judgment is vacated, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

The plaintiff commenced this action in July 1995 to recover the cost of medical services provided to the defendant in 1993 at the University Hospital in Stony Brook. A judgment was entered upon the defendant's default in appearing and answering. In January 1998 the defendant moved to vacate the judgment in the interest of justice, alleging that she had a reasonable excuse for the default and a meritorious defense. The Supreme Court denied the motion.

The Supreme Court has the inherent authority to vacate a judgment in the interest of justice, even where the statutory one-year period under CPLR 5015 (a) (1) has expired (*see, Ladd v Stevenson,* 112 NY 325; *Matter of Jericho Union Free School Dist. No. 15 v Board of Assessors,* 131 AD2d 482; *McMahon v City of New York,* 105 AD2d 101). Here, the defendant established a reasonable excuse for her default and a meritorious defense. The defendant was diagnosed as suffering from bipolar affective disorder, and was hospitalized for acute symptoms on 10 separate occasions between February 1995 and August 1996. She was hospitalized within a month after service of the summons, and on two other occasions before the entry of judgment. Moreover, as a recipient of Supplemental Security Income, the defendant was eligible for government medical assistance programs.

Furthermore, the judgment should be vacated in the interest

of justice because no inquiry was held before its entry as to the possible need for the appointment of a guardian ad litem. When read together, CPLR 1201 and 1203 require, before a judgment may be entered on default, such an appointment for an adult defendant who is incapable of adequately protecting his or her rights (*see, Sarfaty v Sarfaty,* 83 AD2d 748; *Oneida Natl. Bank & Trust Co. v Unczur,* 37 AD2d 480, 483). The record reveals that the plaintiff was on notice that the defendant suffered from a mental disability. Accordingly, the burden was on the State to bring that fact to the attention of the court to make a suitable inquiry into whether a guardian ad litem was needed before judgment could be entered. As the State failed to do so, the judgment must be vacated (*see, Sarfaty v Sarfaty, supra*; *Oneida Natl. Bank & Trust Co. v Unczur, supra*; *cf., Matter of Bobst,* 234 AD2d 7). Because there is a question whether the defendant is incapable of adequately defending her rights, the matter is remitted to the Supreme Court to determine if a guardian ad litem should be appointed (*see,* CPLR 1201, 1202; *Shad v Shad,* 167 AD2d 532). O'Brien, J. P., Altman, Luciano and Smith, JJ., concur.