■ In the Matter of KAREN FORTE, Respondent, v ANTHONY FORTE, Appellant. [758 NYS2d 130] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Dounias, J.), entered January 25, 2002, which denied his objections to an order of the same court (Goglas, H.E.), entered September 7, 2001, which, without a hearing, denied his motion to vacate an order of child support entered on his default and dismissed his petition to modify his child support obligation.

Ordered that the order is modified, on the law, by deleting the provision thereof dismissing the father's petition to modify his child support obligation; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a hearing and determination in accordance herewith.

The Family Court properly declined to vacate the order of child support entered upon the father's default. The father failed to present evidence tending to show that he was incapable of protecting his rights at the time of the default, or that either the mother or the Department of Social Services actively concealed any possible mental illness (*see* CPLR 1203; *Urban Pathways v Lublin,* 227 AD2d 186 [1996]; *cf. State New York v Kama,* 267 AD2d 225 [1999]; *State of New York v Kama,* 267 AD2d 224 [1999]; *Sarfaty v Sarfaty,* 83 AD2d 748, 749 [1981]).

However, the Family Court erred in summarily denying the father's petition for modification of his child support obligation. The father set forth a prima facie case for modification. In par-

ticular, he alleged, and the respondent correctly conceded, that his support obligation terminated because two of the children are emancipated (see Family Ct Act § 413 [1] [a]; *Matter of Commissioner of Social Servs. [Jones] v Jones-Gamble,* 227 AD2d 618 [1996]) and the third child has been living with him since 1999. He further alleged that his income was below the federal poverty guideline from September 21, 1995 to January 22, 1997, and therefore his arrears cannot exceed $500 for that period (see Family Ct Act § 413 [1] [g]; *Matter of Commissioner of Social Servs. [Campos] v Campos,* 291 AD2d 203, 204 [2002]; *Matter of Blake v Syck,* 230 AD2d 596, 598-599 [1997]; *Matter of Nicholson v Gavin,* 207 AD2d 402, 403 [1994]). A hearing is necessary to consider and determine these issues (see Family Ct Act § 451).

The parties' remaining contentions either need not be reached in light of our determination, or are without merit. Altman, J.P., Smith, McGinity and Crane, JJ., concur.