In the Matter of JOSEPH F. FISCHER, Appellant, v KAREN A. FISCHER, Respondent. [800 NYS2d 586]—

In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Pessala, J.), dated October 4, 2004, which, upon denying his objections to an order of the same court (Watson, S.M.), dated May 24, 2004, denied his petition, in effect, to vacate judgments entered against him on October 20, 1998, in the total sum of $13,775.50, and on July 18, 2000, in the total sum of $24,775, upon his defaults in appearing.

Ordered that the order dated October 4, 2004, is reversed, on the law and as a matter of discretion, without costs or disbursements, the objections are sustained, the petition is granted, the order dated May 24, 2004, and the judgments are vacated, and the matter is remitted to the Family Court, Nassau County, for further proceedings consistent herewith.

Pursuant to the parties' stipulation of settlement, which was incorporated into their 1997 judgment of divorce, the father was required to pay child support in the sum of $1,250 per month for the parties' two infant children. Subsequently, the father, who has a history of bipolar disorder, depression, and suicide attempts, defaulted on his support obligation, and judgments were entered against him in 1998 and 2000.

The judgments should have been vacated because no inquiry was held as to the possible need for the appointment of a guardian ad litem for the father. When read together, CPLR 1201 and 1203 require, before a judgment may be entered on default, such an appointment for an adult who is incapable of adequately protecting his or her rights (*see State of New York v Kama*, 267 AD2d 225 [1999]). The mother does not dispute that she was on notice that the father suffered from a mental disability. Accordingly, the court should have made a suitable inquiry into whether a guardian ad litem was needed before judgment could be entered. As the court failed to do so, the judgments should have been vacated (*see State of New York v Kama, supra; Sarfaty v Sarfaty*, 83 AD2d 748 [1981]). Because there is a question as to whether the father was capable of adequately defending his rights, we remit the matter to the Family Court, Nassau County, to determine if a guardian ad litem should be appointed (*see* CPLR 1201, 1202; *Shad v Shad*, 167 AD2d 532 [1990]), and for any necessary proceedings thereafter. Ritter, J.P., Goldstein, Luciano and Crane, JJ., concur.