■ TIMOTHY B. MOHRMANN, Respondent, v DIANE M. LYNCH-MOHRMANN, Also Known as DIANE M. LYNCH, Appellant. (Action No. 1.) TIMOTHY B. MOHRMANN, Respondent, v DIANE M. LYNCH-MOHRMANN, Also Known as DIANE M. LYNCH, Appellant, et al., Defendant. (Action No. 2.) [809 NYS2d 115]—

In a matrimonial action in which the parties were divorced by judgment entered May 8, 1997, upon the defendant former wife's default, and a related action to partition real property, the defendant former wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated March 31, 2004, as denied her motion pursuant to CPLR 5015 (a) (3) to vacate the judgment of divorce.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Under the circumstances of this case, the Supreme Court's denial of the defendant former wife's motion to vacate the judgment of divorce was a proper exercise of its discretion. The defendant former wife failed to meet her burden of establishing by admissible evidence the existence of fraud, misrepresentation, or other misconduct on the plaintiff's part sufficient to entitle her to vacatur of the judgment of divorce (see CPLR 5015 [a] [3]; Badgett v Badgett, 2 AD3d 379 [2003]; Matter of Forte v Forte, 304 AD2d 577 [2003]; Bergen v Bergen, 299 AD2d 308 [2002]; Marotta v Dinozzi, 287 AD2d 491 [2001]; Cofresi v Cofresi, 198 AD2d 321 [1993]; cf. Matter of Fischer v Fischer, 21 AD3d 554 [2005]; Shad v Shad, 167 AD2d 532 [1990]). Indeed, the defendant former wife concedes that, at the latest, she became aware of the allegedly objectionable terms of the final divorce judgment in 1999, but she did not move to amend the judgment until 2003, in response to the plaintiff's request for partition of the former marital residence. She took no appeal from the order denying that motion. In 2004 she moved to vacate the 1997 divorce judgment, this time claiming that the plaintiff had procured that default judgment through fraud by concealing that she was mentally ill and incapacitated at the time the judgment was entered. However, she submitted no competent, admissible medical evidence to support that assertion. Accordingly, the Supreme Court properly denied the motion. The contrary conclusion reached by the dissent is based upon a consideration of unsworn letters and other inadmissible documents which, in any event, failed to set forth any professional medical opinion that the defendant former wife may have lacked the mental ability to adequately protect her rights and interests during the relevant time period. Adams, J.P., Crane and Mastro, JJ., concur.

S. Miller, J., dissents and votes to reverse the order insofar as appealed from, on the law, and remit the matter for a hearing, with the following memorandum: I disagree with the conclusion

of my colleagues that the defendant former wife failed to establish her entitlement to a hearing on her motion to vacate the judgment of divorce obtained by the plaintiff former husband on her default. I find that the former wife more than amply demonstrated the existence of an issue of fact as to her mental condition at the time the former husband obtained the judgment of divorce. Accordingly, I would reverse so much of the order as denied her motion to vacate the judgment of divorce and remit the matter for a hearing.

The parties were married in 1984 and their union produced no children. Throughout her life, the former wife allegedly suffered from, and underwent treatment for, mental illness. In fact, the former husband's divorce complaint cited instances of the former wife's mental illness as grounds for divorce. In 1996 the former husband commenced an action for divorce. The former wife did not appear in that action, and in May 1997 a judgment of divorce was awarded to the former husband on her default. The former wife continued to reside in the former marital residence in accordance with the statement of proposed distribution of marital property submitted by the former husband, which provision was not, however, included in the final judgment of divorce granted on the wife's default.

In 2003 the former husband commenced an action for partition of the former marital residence. The defendant former wife first sought to amend the judgment of divorce to add a provision granting her exclusive occupancy of the former marital residence. The Supreme Court denied the motion and the former wife did not take an appeal. The former wife then moved to vacate the judgment of divorce on several grounds, including the former husband's failure to inform the court of his knowledge of her mental condition, that he committed fraud in procuring the divorce, and that she suffered from a mental illness which caused her to be incapable of defending her rights when the judgment was issued. The Supreme Court denied the former wife's motion. My colleagues affirm this order. I disagree.

Contrary to the Supreme Court's conclusion that the evidence presented by the former wife was "baseless, conclusory, and self-serving," I find that it was sufficient to require the Supreme Court to conduct a hearing to explore the existence, extent, and degree of the former wife's mental illness. It is well settled that CPLR 1201 and 1203 are to be read together and interpreted to require the appointment of a guardian ad litem in every case where an adult defendant is incapable of adequately protecting his or her rights, before a default judgment may be entered (*see Matter of Fischer v Fischer*, 21 AD3d 554 [2005]; *State of New*

*York v Kama*, 267 AD2d 225 [1999]; *Sarfaty v Sarfaty*, 83 AD2d 748 [1981]). In matrimonial matters, the burden rests upon the spouse moving for a default judgment, who has notice that the nonmoving spouse is under mental disability, to bring that fact to the court's attention to permit the court to determine whether a guardian ad litem should be appointed to protect the nonmoving spouse's interests (*see Sarfaty v Sarfaty, supra*).

In this case, in addition to her affidavit alleging her long-term mental illness of which the former husband was well aware (since he had accompanied her to her therapy sessions and even joined in some), the former wife adduced medical records supporting her contention that she was suffering from mental illness at the time the former husband obtained the default judgment. The former wife had received psychotherapy for grief and depression from a social worker at the SUNY Stony Brook Student Health Service from 1993 through 1995. The medical director of that facility, Dr. Rachel Bergeson, prescribed assorted medications. From August 1995 through December 1998 the former wife received psychiatric treatment from Dr. Sandra Jaffee-Johnson at Snug Harbor Counseling for, inter alia, a major depressive disorder and post-traumatic stress disorder. The former wife received treatment, and was prescribed psychotropic medications including Thorazine, for a number of symptoms, including self-mutilation. From March 1996 through August 1997 she was treated as an in-patient at Kings Park State Psychiatric Hospital and another facility.

The former husband offered no evidence to refute her alleged mental illness. Moreover, in the statement of net worth he submitted to the court, he described her health as "excellent," and in his statement of proposed property distribution, he described her health as "good." These statements are alleged to be blatantly false and thus induced the court to issue the default judgment without any inquiry into the former wife's mental health.

In short, the former wife demonstrated sufficient, unrefuted evidence as to her psychiatric condition at and around the time the plaintiff former husband obtained the default judgment of divorce to entitle her to a hearing in regard to her mental condition. Accordingly, I would remit the matter for a prompt hearing to determine whether the defendant former wife was in fact incapable of protecting her own rights at the time the plaintiff former husband obtained the judgment of divorce on her default.