In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), entered August 23, 2007, as granted that branch of the defendants’ motion which was to vacate an order and judgment (one paper) of the same court entered April 27, 2006, which, after an inquest, among other things, directed specific performance of the contract.
Ordered that the order entered August 23, 2007 is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants’ motion which was to vacate the order and judgment entered April 27, 2006 is denied.
The Supreme Court erred in granting that branch of the defendants’ motion which was to vacate the order and judgment entered April 27, 2006 upon the default of the decedent Rosalie Cirri and the defendant Frank Cirri, Sr., inter alia, directing specific performance of a contract for the sale of real property. The defendants failed to meet their burden of demonstrating, by competent admissible medical evidence, that the decedent Rosalie Cirri was incapable of protecting her rights at the time the action was commenced and at the time that the order and judgment was entered (see CPLR 1203; Mohrmann v LynchMohrmann, 24 AD3d 735, 736 [2005]; Matter of Forte v Forte, *426 304 AD2d 577 [2003]; Urban Pathways v Lublin, 227 AD2d 186 [1996]). Nor was there any evidence that the plaintiff had notice that the decedent was under any mental disability (cf. Matter of Fischer v Fischer, 21 AD3d 554, 555 [2005]; State of New York v Kama, 267 AD2d 225, 226 [1999]; Sarfaty v Sarfaty, 83 AD2d 748, 749 [1981]) or that the plaintiff actively concealed any possible mental disability with which the decedent may have been afflicted (see Matter of Forte v Forte, 304 AD2d 577 [2003]; Urban Pathways v Lublin, 227 AD2d 186 [1996]). Spolzino, J.P., Santucci, Miller, Dickerson and Eng, JJ., concur.