■ THEODORE COWELL, Appellant, v DAVID J. DICKOFF, Respondent. [876 NYS2d 423]—

In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nicolai, J.), entered December 13, 2007, which denied his motion, in effect, to vacate a prior order of the same court entered October 27, 2006, granting the defendant's unopposed motion pursuant to CPLR 3216 and 3126 to dismiss the complaint for failure to prosecute, to appoint a guardian ad litem for him, and to change the venue of this action from Westchester County to New York County.

Ordered that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof denying that branch of the plaintiff's motion which was, in effect, to vacate the order entered October 27, 2006, and substituting therefor a provision granting that branch of the motion, vacating the order entered October 27, 2006, and, upon vacatur, deny-

ing the defendant's motion to dismiss the complaint, and (2) by deleting the provision thereof denying that branch of the plaintiff's motion which was to appoint a guardian ad litem for him; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

The order granting the defendant's motion to dismiss the action should have been vacated in the furtherance of justice because the plaintiff submitted evidence that he was incapable of adequately prosecuting the action and no inquiry was held as to the possible need for the appointment of a guardian ad litem for him (*see* CPLR 1201, 1203; *cf. Matter of Fischer v Fischer*, 21 AD3d 554, 555 [2005]; *State of New York v Kama*, 267 AD2d 225, 225-226 [1999]; *Sarfaty v Sarfaty*, 83 AD2d 748, 748-749 [1981]). Furthermore, since there is a question as to whether the plaintiff is capable of adequately prosecuting his rights, we remit the matter to the Supreme Court, Westchester County, to determine if a guardian ad litem should be appointed (*see* CPLR 1201, 1202; *Matter of Fischer v Fischer*, 21 AD3d at 555; *State of New York v Kama*, 267 AD2d at 226; *Shad v Shad*, 167 AD2d 532, 532-533 [1990]), and for any necessary proceedings thereafter.

That branch of the plaintiff's motion which was to change the venue of this action from Westchester County to New York County was properly denied. The plaintiff failed to demonstrate that Westchester was not a proper county (*see* CPLR 503 [a]; 510 [1]), or the need for a change of venue to New York County (*see* CPLR 510 [3]; *O'Brien v Vassar Bros. Hosp.*, 207 AD2d 169, 170 [1995]; *cf. DeGregorio v DeGregorio*, 251 AD2d 366, 366-367 [1998]). Spolzino, J.P., Ritter, Covello and Belen, JJ., concur.