*927 In an action to foreclose a mortgage, the defendant Dolores H. Jenkins appeals from (1) an order of the Supreme Court, Queens County (Agate, J.), entered March 21, 2012, which denied her motion, inter alia, to vacate, on the ground of lack of personal jurisdiction, a judgment of foreclosure and sale of the same court entered March 17, 2009, upon her failure to answer or otherwise appear, and (2) an order of the same court entered August 30, 2012, which denied her motion for leave to renew and reargue her motion, inter alia, to vacate the judgment of foreclosure and sale.
Ordered that the appeal from the order entered August 30, 2012, is dismissed, without costs or disbursements; and it is further,
Ordered that the order entered March 21, 2012, is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a hearing to determine whether a guardian ad litem should be appointed for the defendant Dolores H. Jenkins, and thereafter for a new determination of her motion, inter alia, to vacate the judgment of foreclosure and sale, if warranted.
The appeal from so much of the order entered August 30, 2012, as denied that branch of the motion of the defendant Dolores H. Jenkins which was for leave to reargue must be dismissed, since no appeal lies from a portion of an order denying reargument. The appeal from the remainder of the order entered August 30, 2012, must be dismissed as academic in light of our determination on the appeal from the order entered March 21, 2012.
“It is often said that courts should not ‘shut their eyes to the special need of protection of a litigant actually incompetent but not yet judicially declared as such’ as ‘[t]here is a duty on the courts to protect such litigants’” (Shad v Shad, 167 AD2d 532, 533 [1990], quoting Sengstack v Sengstack, 4 NY2d 502, 509 [1958]). “Accordingly, where there is a question of fact as to whether a guardian ad litem should be appointed, a hearing must be conducted” (Shad v Shad, 167 AD2d at 533; see CPLR 1201; see also Cowell v Dickoff, 60 AD3d 716, 717 [2009]; Matter of Fischer v Fischer, 21 AD3d 554, 555 [2005]; State of New York v Kama, 267 AD2d 225, 225-226 [1999]).
Here, based on the evidence before the Supreme Court in connection with the initial motion of the defendant Dolores H. Jenkins, inter alia, to vacate, on the ground of lack of personal jurisdiction, a judgment of foreclosure and sale entered upon *928 her failure to answer or otherwise appear, there was a question of fact as to whether a guardian ad litem should have been appointed for her in this action. Since there was a question of fact as to whether a guardian ad litem should have been appointed, a hearing was required (see Shad v Shad, 167 AD2d at 533). Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing to determine whether a guardian ad litem should be appointed for Jenkins, and for a new determination thereafter on her initial motion, if warranted.
In light of our determination, we need not reach Jenkins’s remaining contentions.
Dickerson, J.E, Chambers, Austin and Sgroi, JJ, concur.