Matter of Jacquelin M. v Joseph M. (2015 NY Slip Op 00632)





Matter of Jacquelin M. v Joseph M.


2015 NY Slip Op 00632


Decided on January 27, 2015


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2015

Tom, J.P., Acosta, Saxe, Moskowitz, Feinman, JJ.


203/10 -14041 14040 14039

[*1] In re Jacquelin M., Petitioner-Appellant, —
v
Joseph M., Respondent-Respondent.


Bruce A. Young, New York, for appellant.
Karen P. Simmons, The Children's Law Center, Brooklyn (Janet Neustaetter of counsel), attorney for the children.



Order, Supreme Court, Bronx County (Diane Kiesel, J.), entered on or about October 5, 2012, which, after a fact-finding hearing, dismissed with prejudice the family offense petition, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about November 20, 2013, which ordered that a court-appointed forensic evaluator be paid pursuant to Judiciary Law § 35, unanimously dismissed, without costs, as abandoned. Appeal from order, same court and Justice, entered on or about December 6, 2013, which awarded temporary custody of the children to respondent father until January 13, 2014, unanimously dismissed, without costs, as moot.
There is ample support in the record for Supreme Court's determination that petitioner failed to prove by a fair preponderance of the evidence any of the family offenses alleged in the petition, including menacing in the third degree and harassment in the second degree (Family Court Act § 832). We find no basis for disturbing the court's determination crediting respondent's more candid and consistent version of events over petitioner's vague and somewhat inconsistent version.
The court properly allowed respondent to withdraw his petition; thus, counsel for petitioner did not provide ineffective assistance by failing to object to the withdrawal of the petition (see e.g. Matter of Asia Sabrina N. [Olu N.], 117 AD3d 543 [1st Dept 2014]).
In view of petitioner's own admissions regarding her mental health and her many months of attempting to represent herself after several attorneys had been relieved, the court properly appointed a guardian ad litem pursuant to CPLR 1202 (see e.g. Shad v Shad, 167 AD2d 532 [2d Dept 1990]). Contrary to petitioner's assertions, she was not appointed a guardian pursuant to article 81 of the Mental Hygiene Law; the guardian ad litem was appointed only to assist her in prosecuting these proceedings, and not for any broader purpose.
Contrary to her characterization of the record, petitioner was represented by counsel, her fourth attorney, throughout the rehearing of the family offense proceedings; the court granted a mistrial after she attempted to represent herself at the first hearing.
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 26, 2015
CLERK