■ In the Matter of MARY H. MARSELLA SANDERS-SPENCER, Appellant. [5 NYS3d 270]—

In a proceeding pursuant to CPLR article 12 for the appointment of a guardian ad litem for Mary H., the petitioner appeals from an order of the Supreme Court, Queens County (Strauss, J.), entered February 4, 2014, which, in effect, dismissed the petition.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a hearing to be held with all convenient speed, to determine whether a guardian ad litem should be appointed for Mary H.

The petitioner, Marsella Sanders-Spencer (hereinafter the appellant), is the granddaughter of Mary H., who has been diagnosed with dementia. In October 2013, Mary H. allegedly was injured due to the negligence of a home health aide employed by Rockaway Home Attendant Services, Inc. (hereinafter Rockaway). In December 2013, the appellant petitioned to be appointed guardian ad litem for Mary H. pursuant to CPLR 1201 and 1202 for the purpose of commencing an action against Rockaway. The Supreme Court, in effect, dismissed the petition on the ground, inter alia, that service of process upon Mary H. was insufficient.

Contrary to the Supreme Court's determination, the appellant provided proper notice of the petition, as it was personally served upon Mary H. and "upon the person with whom [s]he resides" (CPLR 1202 [b]; *see Bocina v Schlau*, 125 Misc 2d 682, 683 [Sup Ct, Suffolk County 1984]; *Matter of Weingarten v State of New York*, 94 Misc 2d 788, 790-791 [Ct Cl 1978]).

"It is often said that courts should not 'shut their eyes to the special need of protection of a litigant actually incompetent but not yet judicially declared as such' as '[t]here is a duty on the courts to protect such litigants' " (*Shad v Shad*, 167 AD2d 532, 533 [1990], quoting *Sengstack v Sengstack*, 4 NY2d 502, 509 [1958]; *see Tudorov v Collazo*, 215 AD2d 750, 750 [1995]; CPLR 1201, 1202). " 'Accordingly, where there is a question of fact as to whether a guardian ad litem should be appointed, a hearing must be conducted' " (*Resmae Mtge. Corp. v Jenkins*, 115 AD3d 926, 927 [2014], quoting *Shad v Shad*, 167 AD2d at 533). Here, in light of the evidence submitted by the appellant, there was a question of fact as to whether a guardian ad litem should be appointed for Mary H., requiring a hearing. Consequently, we reinstate the petition and remit this matter to the Supreme Court, Queens County, for a hearing to determine whether a guardian ad litem should be appointed for Mary H. (*see Resmae Mtge. Corp. v Jenkins*, 115 AD3d at 928; *Cowell v Dickoff*, 60 AD3d 716, 717 [2009]; *Matter of Fischer v Fischer*, 21 AD3d 554, 555 [2005]; *Shad v Shad*, 167 AD2d at 533). Rivera, J.P., Austin, Roman and Barros, JJ., concur.