Wilmington Sav. Fund Socy., FSB v Moriarty-Gentile (2021 NY Slip Op 00328)





Wilmington Sav. Fund Socy., FSB v Moriarty-Gentile


2021 NY Slip Op 00328


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-09837 
2019-10367
 (Index No. 601868/15)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent, 
v
Cathy Moriarty-Gentile, et al., appellants, et al., defendants.


Charles Wallshein, Melville, NY, for appellants.
Jeffrey A. Kosterich, LLC, Tuckahoe, NY (Rajdai D. Singh of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Cathy Moriarty-Gentile and Joseph Gentile appeal from (1) an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (John H. Rouse, J.), entered June 17, 2019, and (2) an order of the same court dated August 1, 2019. The order and judgment of foreclosure and sale, upon an order of the same court dated August 3, 2018, granting the plaintiff's motion for an order of reference and, after a hearing, in effect, denying that branch of the cross motion of the defendants Cathy Moriarty-Gentile and Joseph Gentile which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction, granted the plaintiff's motion to confirm the referee's report and directed the sale of the subject property. The order dated August 1, 2019, denied the motion of the defendant Joseph Gentile pursuant to CPLR 1203 and 5015(a)(3) to vacate his default in answering the complaint and to vacate the order and judgment of foreclosure and sale insofar as entered against him.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, without costs or disbursements, the plaintiff's motion to confirm the referee's report is denied, the referee's report is rejected, and the matter is remitted to the Supreme Court, Suffolk County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter; and it is further,
ORDERED that the appeal by the defendant Cathy Moriarty-Gentile from the order dated August 1, 2019, is dismissed, without costs or disbursements, as that defendant is not aggrieved by that order (see CPLR 5511); and it is further,
ORDERED that the appeal by the defendant Joseph Gentile from so much of the order dated August 1, 2019, as denied that branch of his motion which was to vacate the order and judgment of foreclosure and sale insofar as asserted against him is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order and judgment of foreclosure and sale; and it is further,
ORDERED that the order dated August 1, 2019, is affirmed insofar as reviewed on the appeal by the defendant Joseph Gentile, without costs or disbursements.
On February 25, 2015, the plaintiff commenced the instant action to foreclose a mortgage against, among others, the defendants Cathy Moriarty-Gentile and Joseph Gentile (hereinafter together the defendants). In August 2016, the plaintiff moved for an order of reference, noting that the defendants were in default in answering.
The defendants cross-moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. In support of the cross motion, the defendants submitted the affidavit of Joseph Gentile, who stated that he was never personally served with the summons and complaint, and that he was not present in his home when the alleged service took place. He also stated, in relevant part, "I am presently afflicted with end stage (Stage 5) kidney disease, having suffered multiple strokes and heart failure causing global disability, including blindness."
The Supreme Court held a hearing, where the process server testified and Joseph Gentile did not testify. At the hearing, the defendants' attorney presented an unsworn letter from Joseph Gentile's physician, stating that Joseph had undergone a kidney transplant, and would have to isolate himself for six months—meaning that Joseph could not attend the hearing in person. The court noted that it had offered Joseph the opportunity to participate in the hearing via Skype. In an order dated August 3, 2018, the court, inter alia, granted the plaintiff's motion for an order of reference, and, in effect, denied that branch of the defendants' cross motion which was to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction.
After the referee issued his report, the plaintiff moved to confirm the report, and the defendants, in opposition, noted that the report was based upon unreproduced business records. Nevertheless, in an order and judgment of foreclosure and sale entered June 17, 2019, the Supreme Court granted the plaintiff's motion to confirm the referee's report and directed the sale of the subject property.
Thereafter Joseph Gentile moved pursuant to CPLR 1203 and 5015(a)(3) to vacate his default in answering the complaint and to vacate the order and judgment of foreclosure and sale insofar as entered against him on the ground that he could not defend himself in this action due to his incapacity. In support, the defendants' co-counsel submitted an affirmation in which he stated that "[t]his Court, by order of the Hon. Denise F. Molia dated April 14, 2015, appointed me to serve as guardian ad litem for Catherine Moriarty and Joseph Gentile, authorizing and directing me to appear and defend said individuals in an action entitled, 'Nestor I LLC against Cathy Moriarty-Gentile et. al,' (Suffolk County Index No. 06532/2014)." The defendants did not submit a copy of Justice Molia's order, but the plaintiff did so in opposition to the motion. The order states that a guardian ad litem was being appointed for the defendants in the other action because the plaintiff in that action was unable to effect service of the summons and complaint on the defendants by any other method. In an order dated August 1, 2019, the court denied Joseph Gentile's motion.
The Supreme Court properly denied that branch of Joseph Gentile's motion which was to vacate his default in answering the complaint. Contrary to the defendants' contention, the record contains no evidence that Joseph Gentile was either "a person judicially declared to be incompetent" or "an adult incapable of adequately protecting his rights" (CPLR 1203; cf. State of New York v Kama, 267 AD2d 225, 225-226; Safaty v Safaty, 83 AD2d 748, 749). Joseph Gentile was represented by counsel throughout these proceedings.
However, the referee's report should not have been confirmed because it was based upon unproduced business records (see Citimortgage, Inc. v Kidd, 148 AD3d 767, 768-769). The fact that the defendants defaulted in appearing did not mean that they were precluded from contesting the amount owed (see HSBC Bank USA, N.A. v Cherestal, 178 AD3d 680). The referee's report served the function of an inquest on damages, which must be based upon admissible evidence (see Okeke v Ewool, 106 AD3d 709).
The defendants' remaining contentions are without merit or need not be addressed in light of our determination.
Accordingly, we reverse the order and judgment of foreclosure and sale, deny the plaintiff's motion to confirm the referee's report and for leave to enter a judgment of foreclosure and sale, and remit the matter to the Supreme Court, Suffolk County, for a new report computing the amount due to the plaintiff in accordance herewith, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.
RIVERA, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court