Richard v Buck (2022 NY Slip Op 02101)





Richard v Buck


2022 NY Slip Op 02101


Decided on March 29, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 29, 2022

Before: Kapnick, J.P., Webber, Friedman, Kennedy, Mendez, JJ. 


Index No. 300025/17 Appeal No. 15604 Case No. 2021-03141 

[*1]James Richard, Plaintiff-Appellant,
v
Laurie Buck, Defendant-Respondent.


Polly N. Passonneau, P.C., New York (Polly N. Passonneau of counsel), for appellant.
Segal & Greenberg LLP, New York (Philip C. Segal of counsel), for respondent.



Order, Supreme Court, New York County (Matthew F. Cooper, J.), entered April 20, 2021, which denied plaintiff husband's motion to vacate the judgment of divorce, unanimously reversed, on the law, without costs, the motion granted, the judgment vacated, and the matter remanded for further proceedings.
Judgment was entered in this divorce proceeding after the husband, pro se, failed to appear for an inquest. At the time of the inquest, both the wife and supreme court were aware that the husband had been diagnosed with a significant mental health condition, which resulted in episodes during which the husband was demonstrably unable to care for himself or otherwise protect his interests. Indeed, at the conclusion of the inquest, the court explicitly acknowledged that the husband's absence was likely attributable to his mental health. Thus, before entering judgment upon the husband's default, there should have been an inquiry into whether a guardian ad litem was necessary (see CPLR 1201, 1203; e.g. Brewster v John Hancock Mut. Life Ins. Co., 280 AD2d 300, 300 [1st Dept 2001]; Matter of Fischer v Fischer, 21 AD3d 554, 555 [2d Dept 2005]; Sarfaty v Sarfaty, 83 AD2d 748, 749 [4th Dept 1981]; see also Anonymous v Anonymous, 256 AD2d 90, 91 [1st Dept 1998]). Because there was no inquiry, the judgment must be vacated and the matter remanded for further proceedings, including, if necessary, an inquiry into the husband's current capacity (Sarfaty, 83 AD2d at 749; see also Oneida Natl. Bank & Trust Co. of Cent. N.Y. v Unczur, 37 AD2d 480, 483-484 [4th Dept 1971]).
As an alternate reason for reversal and in light of the liberal approach to vacating defaults in matrimonial proceedings, we find that the husband sufficiently demonstrated a reasonable excuse for his default and a potentially meritorious defense to the equitable distribution award and thus, reversed would be warranted had defendant made and the court denied a motion pursuant to CPLR 5015(a)(1).
We have considered the husband's remaining arguments, including those relating to due process and the court's alleged failure to set forth statutory factors in making the equitable distribution award, and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 29, 2022