Lindor v McAlman (2022 NY Slip Op 50937(U))

[*1]

Lindor v McAlman

2022 NY Slip Op 50937(U) [76 Misc 3d 135(A)]

Decided on September 23, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 23, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DONNA-MARIE E. GOLIA, CHEREÉ A.
BUGGS, JJ

2021-393 K C

Dennis Lindor, Appellant,
against
Roberto McAlman, Respondent, et al., Undertenants.

Goldberg, Lustig & Steckler PLLC (David E. Brookstone of counsel), for appellant.
Legal Services NYC Brooklyn Branch (Jonathan Twersky of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Kenneth T.
Barany, J.), dated March 30, 2021. The order denied petitioner's motion to "correct" so much of
an undated order of that court (Zhuo Wang, J.) issued in January 2019 by striking the provision
vacating a default final judgment of that court entered in April 2018 and the warrant of eviction
issued pursuant thereto, and, upon such "correction," further relief.

ORDERED that the order is affirmed, without costs, and the matter is remitted to the Civil
Court for all further proceedings.
In this licensee proceeding (see RPAPL 713 [7]), petitioner alleges that occupant's
license to remain in the premises expired upon the death of the tenant of record in June 2017.
When occupant failed to appear in the proceeding, an inquest was held, following which the
Civil Court (Kimberley S. Slade, J.) awarded petitioner a final judgment of possession in April
2018; a warrant of eviction then issued. Insofar as is relevant to this appeal, by orders dated
December 5, 2018 (Eleanora Ofshtein, J.) and January 10, 2019 (Kevin C. McClanahan, J.), the
Civil Court adjourned, for the purpose of appointing a guardian ad litem for occupant, a pro se
motion by occupant to vacate the default final judgment and warrant. In an undated order issued
in January 2019 (January 2019 order), the Civil Court (Zhuo Wang, J.) appointed a guardian ad
litem, vacated the default final judgment and warrant, ordered that all stays remained in effect,
and [*2]directed that all papers to be filed by petitioner were also
to be served upon the appointed guardian ad litem. Notwithstanding the foregoing, after several
more adjournments, the Civil Court (Zhuo Wang, J.), by order dated November 26, 2019, set
occupant's still-pending motion to vacate the default final judgment and warrant down for a
hearing on December 16, 2019. By order dated December 16, 2019, the Civil Court (Zhuo Wang,
J.) denied occupant's motion because occupant failed to appear for the hearing. Occupant
immediately moved to, in effect, vacate his default in appearing on December 16, 2019 and, upon
such vacatur, for the relief requested in his prior motion, to wit, to vacate the default final
judgment and warrant. By order dated November 12, 2020, the Civil Court (Kenneth T. Barany,
J.) denied occupant's motion as moot on the ground that the default final judgment and warrant
had already been vacated by the January 2019 order.
Petitioner then moved "[p]ursuant to, inter alia, CPLR Sec. 2001" to "correct" what he
described as a "ministerial or clerical" error in the January 2019 order appointing a guardian ad
litem for occupant. Alleging that a box on the form order had been "mistakenly" checked,
indicating that the default final judgment and warrant were vacated, petitioner sought to strike
such check mark and, upon such "correction," further relief. Petitioner appeals from an order of
the Civil Court (Kenneth T. Barany, J.) dated March 30, 2021 denying his motion.
Even though occupant and the Civil Court proceeded after the January 2019 order appointing
the guardian ad litem as if that order had not also vacated the default final judgment and warrant,
the January 2019 order nevertheless remained in effect notwithstanding the apparent confusion.
To the extent petitioner seeks relief from the January 2019 order pursuant to CPLR 2001, that
section "permits a court, at any stage of an action, to disregard a party's mistake,
omission, defect, or irregularity if a substantial right of a party is not prejudiced" (Northern
Blvd Corona, LLC v Northern Blvd Prop., LLC, 157 AD3d 893, 895 [2018] [emphasis
added]). In addition, "CPLR 5019 (a) gives trial and appellate courts the discretion to cure
mistakes, defects, and irregularities that do not affect substantial rights of parties" (Bessa v
Anflo Indus., Inc., 148 AD3d 974, 977 [2017]; see Northern Blvd Corona, LLC, 157
AD3d at 895). Here, the purported mistake alleged by petitioner, if any, was made by the court,
not a party, and petitioner seeks a substantive change—the vacatur of the default final
judgment—which prejudices a substantial right of a party—occupant (see
Northern Blvd Corona, LLC, 157 AD3d at 895; Bessa, 148 AD3d at 977). We note
that, under the circumstances presented, it was not improper for the court, upon appointing a
guardian ad litem for occupant, to vacate the default judgment previously entered against him
(see CPLR 1201, 1203; see generally Richard v Buck, 205 AD3d 561 [2022];
Matter of Fischer v Fischer, 21 AD3d 554, 555 [2005]; State of New York v
Kama, 267 AD2d 225 [1999]). As petitioner's motion papers do not demonstrate a basis for
relief, under CPLR 2001 or any other provision of the CPLR, from so much of the January 2019
order as, upon appointing a guardian ad litem, vacated the default final judgment and warrant, the
Civil Court properly denied petitioner's motion.
Accordingly, the order is affirmed, and the matter is remitted to the Civil Court for all further
proceedings.
WESTON, J.P., GOLIA and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 23, 2022