29-07 Broadway LLC v Kiriasis (2024 NY Slip Op 51084(U))

[*1]

29-07 Broadway LLC v Kiriasis

2024 NY Slip Op 51084(U)

Decided on August 16, 2024

Civil Court Of The City Of New York, Queens County

Sanchez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 16, 2024
Civil Court of the City of New York, Queens County

29-07 Broadway LLC, Petitioner(s)
against
Nick Kiriasis, "JOHN" "DOE", "JANE" "DOE", Respondent(s)

Index No. LT-300191-24/QU

Nikolaos Preponis, Esq.
Attorney for Petitioner
npreponis&commat;kuckermarino.com
Veronica M. Reyes, Esq.
Of Counsel to Department of Social Services
For Corporate Counsel of the City of New York
reyesve&commat;dss.nyc.gov

Enedina Pilar Sanchez, J.

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this motion:
Papers Numbered
Order to show Cause/ Notice of Motion and
Affidavits /Affirmations annexed 1
Answering Affidavits/ Affirmations 2
This non-payment proceeding was settled granting Petitioner a final judgment of possession and a warrant of eviction stayed for Respondent to pay arrears. Respondent appeared as a Pro-se litigant, and after reviewing the Stipulation of Settlement the Petitioner was directed to have the Marshal notify Adult Protective Services (APS).
APS conducted a home visit with Respondent and has determined that Respondent is unable to adequately defend his rights in this proceeding. The Office of Legal Affairs, Office of the Corporation Counsel has filed an Order to Show Cause to appoint a Guardian ad Litem for Respondent, to vacate the judgment and warrant, and to seal the medical report as per DRP-199.
On the return date of the Order to Show Cause, Respondent appeared and was confused. The movant argued that Respondent is an adult unable to adequately defending his rights and the court is urged to exercise its statutory power to protect Respondent. Petitioner opposed the Order to Show Cause and argued that Respondent had already received the "benefit of the bargain" in the Stipulation, and that there is no basis to grant the relief sought. Petitioner also argued that the provision for the appointment of a Guardian ad Litem does not apply at this time and is only [*2]available were there was a "default." Petitioner argues that Respondent must show an excusable default and meritorious defense. Petitioner is simply mistaken.
In Shad v. Shad, 167 AD2d 532, the Appellate Division, Second Department stated: It is often said that courts should not "shut their eyes to the special need of protection of a litigant actually incompetent but not yet judicially declared as such" (Sengstack v Sengstack, 4 NY2d 502, 509) as "[there] is a duty on the courts [***3] to protect such litigants" (Sengstack v Sengstack, supra, at 509; see also, Matter of Stern, 73 AD2d 539; Palaganas v D.R.C. Indus., 64 AD2d 594), at 533.See also, Matter of Mary H., 126 AD3d 794 ( Second Dept. 2015); S.E. v Doe, 2020 NY Slip Op 51203(U), 69 Misc 3d 1207(A)[Civ Ct, Queens Co. 2020)(the court in which an action is triable may appoint a guardian ad litem at any stage in the action upon its own initiative.) See CPLR §1201 and CPLR §1202.
The policy in favor of a stipulation of settlement must be balanced with the need to appoint a Guardian ad Litem, and the court's finding may change based upon the facts presented. In Housing Court there is a significant volume of cases heard daily with unrepresented litigants. Where there is a subsequent application for the appointment of a GAL, the balance of equities may call for vacating any previous judgments and appointing a GAL. These are the requirements called upon by CPLR §1201 and §1202. Here, the proof presented by movant after APS conducting its interview with Respondent confirmed the Court's impression that APS was needed in this matter. The report further shows the extent of the decline in this elder person whose condition was masked during his short appearance in court.
The report shows that Respondent is 80 years old and has over a 40-year tenancy. The services to be provided by APS and upon the appointment of a GAL, would assist Respondent and ultimately be beneficial to Petitioner in recovering the rent sought in this non-payment case.
A review of the opposition papers does not question the findings of the medical consultant who interviewed Respondent but whether a GAL can be appointed at this time. As the Court finds that Respondent is an adult incapable of adequately defending his rights, a GAL is needed.
Accordingly, the Order to Show Cause is granted, Respondent is appointed a Guardian ad Litem, the judgment and warrant are vacated, and the medical report is sealed pursuant to DRP-199.
This matter will appear on the calendar on September 12, 2024 at 9:30 am, Courtroom 404 to allow the Guardian ad Litem to appear on behalf of the Respondent.
This Decision/Order will be emailed to the attorneys and mailed to each Respondent, via First Class Mail. This Decision/Order will be filed to NYSCEF.
This constitutes the Decision/Order of the Court.
Dated: August 16, 2024
Queens, New York
SO ORDERED,
HON. ENEDINA PILAR SANCHEZ,
J.H.C.