■ LILY LIU, Respondent, v JACK LIU, Appellant. [630 NYS2d 321] —Order, Supreme Court, New York County (Lewis Friedman, J.), entered on or about May 13, 1994, which insofar as appealed from, *sua sponte* appointed a private Referee to supervise disclosure and required defendant to pay the Referee's fees and costs, unanimously modified, on the law and the facts, without costs, and the matter remanded for designation of a Judicial Hearing Officer to supervise disclosure pursuant to CPLR 3104 (b).

Appeals from orders, same court and Justice, entered on or about July 12, 1994 and December 20, 1994, which, insofar as appealable, denied defendant's motion to renew the order appointing a private Referee, and granted defendant's motion to reargue but adhered to the determination to appoint such private Referee, respectively, dismissed as moot, without costs.

The IAS Court properly invoked its power to designate "one of its judges or a referee [to] supervise all or part of [the] disclosure procedure" (CPLR 3104 [a]), but erred in appointing as Referee a private attorney to whom all the parties did not consent. CPLR 3104 (b) provides that a court-employed "judicial hearing officer may be designated as a Referee under this section, or the court may permit all of the parties in an action to stipulate that a named attorney may act as referee". Inasmuch as defendant did not so stipulate, the court was without power to appoint the attorney it named to act as a Referee.

Although we do not reach the question of whether, upon a finding of "special circumstances" or otherwise, the IAS Court has the general power under CPLR 3104 (a) to appoint a private attorney as Referee without all parties' consent (*see, Lowitt v Korelitz*, 152 AD2d 506, 507), we note that *Lee v Lee* (93 AD2d 221) and *Baker v General Mills Fun Group* (101 Misc 2d 193), relied upon by plaintiff and the IAS Court, were decided before the institutionalization of the Judicial Hearing Officer system (Judiciary Law § 850 *et seq.*; 22 NYCRR part 122) and adoption of the 1983 amendment to CPLR 3104 (*but see, Matter of Sommer*, 177 AD2d 489 [2d Dept]; CPLR 3104 [b] does not limit court's general power under subdivision [a]). In any event,

were we to reach the issue on its merits and to find such a power to exist, we would nonetheless remand the matter for a more detailed statement of the court's factual findings.

Upon remand, we remind the IAS Court that it may avail itself of other methods to compel expeditious discovery, in addition to the appointment of a Judicial Hearing Officer to act as a Referee pursuant to CPLR 3104 (b), including the preclusion of evidence and the assessment of costs and sanctions, which might be appropriate in this case. Concur—Ellerin, J. P., Ross, Nardelli, Tom and Mazzarelli, JJ.