◼ SHIRLEY BREWSTER, Respondent, v JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY et al., Defendants, and A. J. CONTRACTING CO., INCORPORATED, Appellant. (And Other Actions.) [720 NYS2d 462] —Appeal from order, Supreme Court, New York County (Paula Omansky, J.), entered on or about October 27, 1999, which, to the extent appealed from, as limited by the brief, upon reargument, adhered to the court's prior order denying defendant-appellant A. J. Contracting Co.'s motion to dismiss that portion of the complaint which asserted negligence claims, held in abeyance and the matter remitted to Supreme Court for the appointment forthwith of a guardian ad litem for plaintiff-respondent who shall, within 60 days of such appointment, take action in this Court to protect plaintiff's interests in this action and appeal.

It has been brought to our attention that while this appeal was pending, but before it had been perfected or submitted, counsel for plaintiff successfully moved to be relieved on the ground that "it appears that Plaintiff has become incompetent to make decisions regarding her case, or to testify in a trial."

CPLR 1201 mandates that an adult incapable of adequately prosecuting or defending his or her rights shall appear by his or her guardian ad litem. Thus, when they became aware of their client's apparent incompetence, it was incumbent upon plaintiff's counsel to move, pursuant to CPLR 1202 (a) (3), for appointment of a guardian ad litem to protect her interests. Even absent such a request, once it was made aware of plaintiff's condition, the Supreme Court should have acted on its own initiative pursuant to CPLR 1202 (a) and appointed a guardian ad litem to protect plaintiff's interests. Concur—Andrias, J. P., Lerner, Saxe, Buckley and Friedman, JJ.