■ ROLANDO M. NOVA, Respondent, v JEROME CLUSTER 3, LLC, et al., Appellants, et al., Defendant. (And Other Actions.) [847 NYS2d 182]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about October 2, 2006, which denied the motion of defendants Jerome Cluster 3, LLC, and Jerome Construction Co., LLC, to appoint a guardian ad litem for plaintiff, unanimously affirmed, without costs. Appeals from the transcript of the proceedings underlying the order of October 2, 2006; from an order, same court and Justice, entered July 7, 2006, which set down for a hearing the issue whether a guardian ad litem should be appointed; from an order, same court and Justice, entered on or about October 4, 2006, which denied defendants' application by order to show cause to compel compliance with trial subpoenas; and from an order, same court and Justice, entered November 14, 2006, which declined to sign defendants' order to show cause to, inter alia, vacate, modify or reargue the October 2, 2006 order, unanimously dismissed, without costs.

No appeal lies from an unsigned transcript (*see* CPLR 2219

[a]; 5701; *Domansky v Berkovitch*, 251 AD2d 3, 3 [1998]). In any event, the transcript is part of the record on appeal from the order. Defendants were not aggrieved by the July 7, 2006 order, which referred the issue of the appointment of the guardian ad litem for a hearing, as they were granted the relief they requested (*see* CPLR 5511; *Campoverde v Liberty, LLC*, 37 AD3d 275 [2007]). The October 4, 2006 order denying defendants' order to show cause to compel compliance with trial subpoenas was rendered academic by the October 2, 2006 order denying their motion to appoint a guardian ad litem. No appeal lies from an order declining to sign an order to show cause or denying the portion of the order to show cause that seeks reargument (*see M & J Trimming v Kew Mgt. Corp.*, 254 AD2d 21 [1998]).

Defendants' rationale for requesting appointment of a guardian ad litem for plaintiff—to protect their own rights in the litigation—is contrary to the rationale for appointment of a guardian ad litem, which is to protect the rights of the allegedly incompetent person (CPLR 1201; *see e.g. Palaganas v D.R.C. Indus.*, 64 AD2d 594 [1978]). In any event, defendants failed to present evidence tending to show that plaintiff was incapable of either prosecuting or defending his rights. In fact, their position with respect to the necessity for a guardian ad litem directly contradicted the position they intended to take at trial. Thus, the court properly refused to consider appointing a guardian ad litem to represent plaintiff's interests (*see Urban Pathways v Lublin*, 227 AD2d 186 [1996]; *compare Shad v Shad*, 167 AD2d 532 [1990]).

We have considered defendants' remaining contentions and find them without merit. Concur—Tom, J.P., Saxe, Friedman, Gonzalez and Catterson, JJ.