■ SOLOMON RAPOPORT, Respondent, v CAMBRIDGE DEVELOPMENT, LLC, Doing Business as ATRIA RETIREMENT LIVING, Appellant. (And a Third-Party Action.) [859 NYS2d 33]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered March 29, 2007, which denied defendant's motion for the appointment of a guardian ad litem for plaintiff and to continue plaintiff's deposition, unanimously modified, on the law and the facts, the motion granted to the extent of continuing the deposition under the supervision of a referee or judicial hearing officer, subject to reasonable limitations on questioning not relating to liability or damages to be imposed by Supreme

Court prior to the deposition, and otherwise affirmed, without costs.

The court erred in denying that aspect of defendant's motion seeking to continue plaintiff's deposition. The transcript of the deposition shows that plaintiff's attorney repeatedly obstructed defendant's attorney's examination of plaintiff by unilaterally restricting defense counsel's line of questioning to matters "directly relate[d] to liability or damages," and requesting numerous, unnecessary breaks (*see* 22 NYCRR part 221; *Orner v Mount Sinai Hosp.*, 305 AD2d 307, 309 [2003]; *Mora v Saint Vincent's Catholic Med. Ctr. of N.Y.*, 8 Misc 3d 868 [Sup Ct, NY County 2005]). In light of the unique circumstances of this case, the continued deposition must occur under the supervision of a referee or judicial hearing officer (*see* CPLR 3104 [a]), and Supreme Court should impose reasonable limitations on questioning not relating to liability or damages prior to the deposition.

The evidence in the slim record before us does not support defendant's assertion that Supreme Court erred in denying that aspect of its motion seeking the appointment of a guardian ad litem for plaintiff. The transcript of plaintiff's deposition indicates that he is capable of understanding the proceedings in this personal injury action, prosecuting his rights and assisting counsel (*see Matter of Philip R.*, 293 AD2d 547 [2002]). In the event new evidence suggests that plaintiff is incapable of adequately prosecuting his rights, Supreme Court is free to revisit the issue of whether the appointment of a guardian ad litem is appropriate (*see* CPLR 1201, 1202; *see also Brewster v John Hancock Mut. Life Ins. Co.*, 280 AD2d 300 [2001]). Concur—Saxe, J.P., Gonzalez, Nardelli and McGuire, JJ.