Mironov v Memorial Hosp. for Cancer & Allied Disease (2024 NY Slip Op 00050)

Mironov v Memorial Hosp. for Cancer & Allied Disease

2024 NY Slip Op 00050

Decided on January 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2024

Before: Webber, J.P., Gesmer, Kennedy, Rosado, Michael, JJ. 

Index No. 155433/17 Appeal No. 1375 Case No. 2023-04164 

[*1]Svetlana Mironov, Plaintiff-Respondent,
v
Memorial Hospital for Cancer and Allied Disease et al., Defendants-Appellants, Ewing Cole, Inc. et al., Defendants.

Shaub, Ahmuty, Citrin & Spratt, Lake Success (Payne T. Tatich of counsel), for appellants.
Meyer, Suozzi, English & Klein, P.C., Garden City (Leonard J. Wiener of counsel), for respondent.

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered August 1, 2023, which denied the motion of defendants Memorial Hospital for Cancer and Allied Diseases, Hunter Roberts Construction Group, LLC, Orange County Iron Works, LLC, A-Val Architectural Metal III L.L.C., Port Morris Tile & Marble Corp., Imperial Woodworking Company, and West-Fair Electric Contractors, Inc. (collectively, defendants) requesting a hearing to determine whether a guardian ad litem should be appointed for plaintiff pursuant to CPLR 1201, unanimously affirmed, without costs.
The court providently denied the motion for a hearing as to whether plaintiff should be assigned a guardian ad litem pursuant to CPLR 1201. First, defendants failed to present any evidence that showed plaintiff was incapable of prosecuting or defending her rights in this action (see Rivera v New York City Tr. Auth., 141 AD3d 441 [1st Dept 2016]). The transcripts of plaintiff's three depositions annexed to defendants' moving papers, which contain over 11 hours of testimony, indicate that she is capable of understanding the proceedings in this personal injury action, prosecuting her rights, and assisting her counsel (see Rapoport v Cambridge Dev., LLC, 51 AD3d 530, 531 [1st Dept 2008]). The record also shows that plaintiff appeared for the on-site inspection and submitted to four medical examinations at defendants' request, which further demonstrates that she was capable of adequately prosecuting and defending her rights in the action.
Plaintiff's neuropsychologist, Dr. Robert Dunkle, opined on August 28, 2017, about six years before the motion was decided, that plaintiff's "complex decision-making is significantly impacted by her brain injury" and "needs assistance in this area of functioning." This opinion does not demonstrate that a hearing was necessary to determine whether a guardian ad litem should be appointed for plaintiff. Plaintiff also submitted her affidavit in opposition averring that she was actively participating in the prosecution of her case, including regularly communicating with her attorneys. A determination that she was capable of adequately prosecuting or defending her rights in this case was also supported by a more recent expert affidavit of Dr. Robert Dunkle, who opined, based on his treatment and examinations of plaintiff, that plaintiff presently "is capable of prosecuting or defending her rights in this matter" (see Tower Ins. Co. of N.Y. v Estate of DeCosta, 113 AD3d 572, 573 [1st Dept 2014]).
Second, the rationale for the appointment of a guardian ad litem is to protect the rights of the allegedly incompetent person. However, that was not the rationale in this case (see Nova v Jerome Cluster 3, LLC, 46 AD3d 292, 293 [1st Dept 2007]). In addition, as in Nova, defendants' counsel acknowledged that defendants' position that a guardian ad litem was necessary directly contradicted the position they intended to take at trial. Thus, the court properly refused to [*2]hold a hearing to determine whether to appoint a guardian ad litem to represent plaintiff's interests (see generally Nova, 46 AD3d at 293).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2024