| |
|---|
| **Bowman v Andrews** |
| 2024 NY Slip Op 33069(U) |
| August 30, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 805279/2021 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. JOHN J. KELLEY**      PART      56M

*Justice*

-------------------------------------------------------------------------------X

MARILYN BOWMAN,

                   Plaintiff,

            - v -

ROBERT ANDREWS, KOK-MIN KYAN, CHRISTINA
ZOTTOLA, LENOX HILL HOSPITAL, and NORTHWELL
HEALTH, INC.,

                   Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 805279/2021 |
| MOTION DATE | 07/12/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 23, 24, 25, 26, 27, 28, 29, 30, 31, 32

were read on this motion to/for          DISCOVERY .

In this action to recover damages for medical malpractice, the plaintiff moves pursuant to CPLR 3124 to compel the continued deposition of the defendant obstetrician-gynecologist Kok Min Kyan, to prohibit Kyan's attorney from interposing "speaking objections" or improperly obstructing questioning at the continued deposition, and to compel Kyan to provide an explanation for certain amendments that he made on an errata sheet referable to his December 13, 2023 deposition. Kyan opposes the motion. The motion is granted, and (a) on or before October 17, 2024, Kyan shall submit to a further deposition, not to exceed four hours, in which the plaintiff may question him about his opinion and understanding of the significance, meaning, and consequences of notes in the plaintiff's medical chart that had been generated by other health-care professionals, and may re-question Kyan as to questions, as described in the affirmation of the plaintiff's attorney, to which speaking objections had been interposed, (b) Kyan's counsel is directed not to obstruct further relevant and proper questioning, including, but not limited to, questioning concerning Kyan's defense that the plaintiff was partially at fault for

805279/2021   BOWMAN, MARILYN vs. ANDREWS, ROBERT ET AL
Motion No. 001

Page 1 of 7

[* 1]

her own injuries, and (c) on or before October 1, 2024, Kyan shall provide the plaintiff with a written explanation with respect to the entries in his errata sheet.

On June 19, 2023, Kyan performed a hysterectomy on the plaintiff. During the surgery, the defendant surgeon Robert Andrews was called in to assist Kyan because of an alleged complication. The plaintiff asserted that she was discharged from the hospital on June 23, 2023, despite symptoms of a bowel obstruction, that she subsequently was re-hospitalized, and that she required additional surgeries. According to the plaintiff, the issues in the case include ascertaining which physician was responsible for the plaintiff's post-operative care between June 19, 2023 and June 23, 2023, and whether that post-operative care and instructions were negligently provided. In their answers, each of the defendants asserted a "culpable conduct" defense, claiming that the plaintiff somehow caused or contributed to her own injuries.

During Kyan's deposition, Kyan's attorney directed him not to answer any questions concerning his understanding of, or opinion as to, entries in the plaintiff's medical chart that had been made by other health-care providers. Counsel also communicated with Kyan during the deposition, attempting to rephrase several questions posed by the plaintiff's attorney, and essentially suggesting answers to several questions. Counsel further objected to several questions addressed Kyan's culpable conduct defense. In addition, subsequent to the deposition, Kyan served an errata sheet in which, without explanation, he amended a substantive answer to a question concerning the medical standards applicable to the discharge of a gynecology patient who recently underwent surgery.

22 NYCRR 221.1(a) provides that,

> "[n]o objections shall be made at a deposition except those which, pursuant to subdivision (b), (c) or (d) of Rule 3115 of the Civil Practice Law and Rules, would be waived if not interposed, and except in compliance with subdivision (e) of such rule. All objections made at a deposition shall be noted by the officer before whom the deposition is taken, and the answer shall be given and the deposition shall proceed subject to the objections and to the right of a person to apply for appropriate relief pursuant to Article 31 of the CPLR."

805279/2021   BOWMAN, MARILYN vs. ANDREWS, ROBERT ET AL                    Page 2 of 7
Motion No.  001

2 of 7

CPLR 3115(b) requires a party at a deposition promptly to object to the form of a question, the conduct of persons, and other errors that might be obviated or removed if not quickly rectified, and that such objections are waived unless a proper, timely objection is made at the deposition. CPLR 3115(d) requires, under certain circumstances, that an objection to the admissibility of testimony be raised in a seasonable fashion. 22 NYCRR 221.1(b), entitled "Speaking objections restricted," provides that.

> "[e]very objection raised during a deposition shall be stated succinctly and framed so as not to suggest an answer to the deponent and, at the request of the questioning attorney, shall include a clear statement as to any defect in form or other basis of error or irregularity. Except to the extent permitted by CPLR Rule 3115 or by this rule, during the course of the examination persons in attendance shall not make statements or comments that interfere with the questioning."

Even where a proper objection has been interposed, the witness ordinarily must still answer the question, and counsel may not direct the witness to refrain from answering, except "to preserve a privilege or right of confidentiality, . . . to enforce a limitation set forth in a court order, or . . . when the question is plainly improper and would, if answered, cause significant prejudice to any person" (22 NYCRR 221.2[a]-[c]). Moreover, an "attorney shall not interrupt the deposition for the purpose of communicating with the deponent," unless all parties consent, or unless the communication "is made for the purpose of determining whether the question should not be answered on the grounds set forth" in 22 NYCRR 221.2 (22 NYCRR 221.3).

Kyan' counsel violated all of these rules in objecting to several questions posed by the plaintiff's counsel at Kyan's December 13, 2023 deposition.

There was no basis for Kyan's counsel to instruct him not to answer a question as to his understanding of, or opinion as to, the nature, significance, and consequences of entries that had been made in the plaintiff's chart by other physicians and nurses. CPLR 3101 provides for full disclosure of documentation and information that are material and necessary to the litigation of an action, or are likely to lead to the discovery of admissible evidence (*see Vargas v Lee*, 170 AD3d 1073 [2d Dept 2019]; *Foster v Herbert Slepoy Corp.*, 74 AD3d 1139, 1140 [2d Dept 2010];

805279/2021   BOWMAN, MARILYN vs. ANDREWS, ROBERT ET AL
Motion No.  001

Page 3 of 7

[* 3]

*Anonymous v High School for Envtl. Studies*, 32 AD3d 353, 358 [1st Dept 2006]).  As the plaintiff correctly argued, a defendant physician in a malpractice case may be called by an adverse party to testify at trial as an expert (*see McDermott v Manhattan Eye, Ear & Throat Hosp.*, 15 NY2d 20, 26-28 [1964]), and "the right to call and similarly question an adverse party as an expert in an examination before trial" is a "natural extension" of that rule (*Johnson v New York City Health & Hosps. Corp.*, 49 AD2d 234, 236 [2d Dept 1975]).  "[S]ince . . . CPLR (section 3101) provides for 'full disclosure of all evidence' and for 'examination and cross-examination' (section 3113) of a witness before trial as in a trial of action in an open court" (*id*. at 237), the plaintiff has the right to pose substantive questions to a defendant physician in a medical malpractice action concerning his or her opinion with respect to other physicians' statements or opinions, as well as the status of generally accepted community standards of medical practice (*see Orner v The Mount Sinai Hosp.*, 305 AD2d 307, 309 [1st Dept 2003]; *cf. Lieblich v Saint Peter's Hosp. of City of Albany*, 112 AD3d 1202, 1205 [3d Dept 2013] [where physician conceded that nurse would not have administered certain medication without an order from him, plaintiff was entitled to continued deposition of physician as to administration of drug, even though he did not administer it or make entry in chart with respect to administration thereof]).  Moreover, "records exchanged during discovery may be used at, and are proper topics of questioning during, examinations before trial.  The fact that some documents may be inadmissible at trial does not restrict use of those documents at examinations before trial" (*Jones v FEGS-WeCARE/Hum. Res., NYC*, 194 AD3d 523, 524 [1st Dept 2021]).

Hence, it is irrelevant that a physician or health-care provider other than Kyan generated the notes and entries in the plaintiff's chart that were the subject of the plaintiff's questioning; that chart was exchanged in the course of discovery, and the plaintiff is entitled to elicit an opinion from Kyan as to his understanding of what those notes and chart entries signify with respect to the diagnosis, treatment, and care of the plaintiff during the relevant period of time.

805279/2021   BOWMAN, MARILYN vs. ANDREWS, ROBERT ET AL                    Page 4 of 7
Motion No.  001

4 of 7

Excerpts from the transcript of Kyan's deposition reflect that his attorney engaged in proscribed speaking objections, in which his attorney essentially either answered the question posed to Kyan, or attempted to divert Kyan into answering a question that the attorney would rather have been posed. "Although attempts to clarify an ambiguous question do not necessarily demonstrate interference with the deposition's orderly progress," Kyan's attorney's comments "frequently went beyond clarification" (*Rodriguez v Goodman*, 2015 NY Slip Op 31412[U], *5, 2015 NY Misc. LEXIS 2782, *9-10 [Sup Ct, N.Y. County, Jul. 28, 2015]; *see Koch v Sheresky, Aronson & Mayefsky, LLP*, 33 Misc 3d 1228[A], 2011 NY Slip Op 52149[U], 2011 NY Misc. LEXIS 5668 [Sup Ct, N.Y. County, Nov. 21, 2011]). This is particularly so with respect to the plaintiff's questioning as to Kyan's allegations that the plaintiff was at fault for all or part of her own injuries. This was a valid line of questioning, and the questions themselves were quite simple, amounting to inquiries as to what acts of the plaintiff herself caused or contributed to her own injuries, either during or immediately after the subject surgery. There was no reason for Kyan's counsel to insert himself into that questioning, as well as the other the questions identified in the affirmation of the plaintiff's attorney.

CPLR 3116(a) provides that, after a witness's deposition is conducted, a transcript of the deposition "shall be submitted to the witness for examination and shall be read to or by him or her, and any changes in form or substance which the witness desires to make shall be entered at the end of the deposition *with a statement of the reasons given by the witness for making them*" (emphasis added). Thus, an errata sheet proffered by a witness may be stricken where it "made substantive changes to material testimony and the reasons stated for those changes were not sufficient" (*514 West 44th Street, Inc., v Whalen*, 203 AD3d 566, 566 [1st Dept 2022]; *see Carrero v New York City Hous. Auth.*, 162 AD3d 566, 566 [1st Dept 2018]). Here, the plaintiff's counsel asked Kyan at his deposition whether it was "the customary and usual medical practice for a gynecology patient, that has a surgical consult, for surgery to give clearance to gynecology for discharge of the patient," to which Kyan responded "yes." On his errata sheet,

**805279/2021  BOWMAN, MARILYN vs. ANDREWS, ROBERT ET AL**
**Motion No.  001**

Page 5 of 7

he amended the answer to "it depends," but provided no explanation whatsoever for the amendment, and no explanation as to why he could not answer the question with a simple "yes" or "no."

Hence, the plaintiff is entitled to a continued deposition of Kyan, in which Kyan shall be compelled to answer the question as to his opinion and understanding of the significance and meaning of any entries made in the plaintiff's chart by other physicians and health-care providers, and questions as to which Kyan attorney interposed a speaking objection, as set forth in the affirmation of the plaintiff's attorney. Kyan shall also serve a written explanation as to why he made the amendment to his testimony in his errata sheet in connection with the question concerning the custom and practice in the medical profession for a gynecologist to discharge a patient who had just undergone surgery.

The court directs Kyan's attention to CPLR 3104(a), which provides that,

> "[u]pon the motion of any party or witness on notice to all parties *or on its own initiative without notice,* the court in which an action is pending may by one of its judges or a referee supervise all or part of any disclosure procedure"

(emphasis added). The Supreme Court thus "has the general power under CPLR 3104(a) to appoint a private attorney as Referee without all parties' consent" (*Liu v Liu*, 218 AD2d 532, 532 [1st Dept 1995]). Although CPLR 3104(b) authorizes the court to appoint a judicial hearing officer to oversee the discovery process, and permits the parties to stipulate to the choice of a private referee, "CPLR 3104(b) does not limit court's general power under subdivision [a]" (*id*. at 532). "In view of the . . . lack of cooperation exhibited by" Kyan, "the appointment of a Referee to supervise further deposition disclosure in this action" may be an "appropriate measure" (*Lowitt v Korelitz*, 152 AD2d 506, 508 [1st Dept 1989]; *see Rapoport v Cambridge Dev., LLC,* 51 AD3d 530, 531 [1st Dept 2008]; *Capoccia v Brognano*, 126 AD2d 323 [3d Dept 1987]). Hence, the court cautions Kyan that continuation of the conduct exhibited thus far by his attorney may compel the court to appoint a referee to attend and supervise his continued deposition, with all expenses to be borne by Kyan.

805279/2021   BOWMAN, MARILYN vs. ANDREWS, ROBERT ET AL
Motion No.  001

Page 6 of 7

Accordingly, it is,

ORDERED that the motion is granted, and

(a) on or before October 17, 2024, Kyan shall submit to a further deposition, not to exceed four hours, in which the plaintiff may question him about his opinion and understanding of the significance, meaning, and consequences of entries made in the plaintiff's medical chart by other health-care professionals, and may re-question Kyan as to questions, as described in the affirmation of the plaintiff's attorney, to which speaking objections had been interposed,

(b) at that continued deposition, Kyan's counsel is directed not to interpose speaking objections to questions, suggest alternative phrasing of questions, or obstruct further relevant and proper questioning, including, but not limited to, questioning concerning Kyan's defense that the plaintiff was partially at fault for her own injuries, and

(c) on or before October 1, 2024, Kyan shall provide the plaintiff with a written explanation with respect to the entry in his errata sheet referable to the question concerning the custom and practice in the medical profession for a gynecologist to discharge a patient who had just undergone surgery, provided that the provision of this written explanation shall not preclude or prohibit the plaintiff from pursuing further questioning with respect to this issue at the continued deposition.

This constitutes the Decision and Order of the court.

_____8/30/2024_____
**DATE**

_____
**JOHN J. KELLEY, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION |
|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | REFERENCE |

**805279/2021  BOWMAN, MARILYN vs. ANDREWS, ROBERT ET AL**
**Motion No.  001**

Page 7 of 7