| MBS Holdings I LLC v Butler |
|:---:|
| 2026 NY Slip Op 30719(U) |
| February 24, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 655954/2025 |
| Judge: Emily Morales-Minerva |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 42M

-------------------------------------------------------------------------------X

MBS HOLDINGS I LLC D/B/A MBS HOLDINGS LLC

                  Plaintiff,

        - v -

CLYDE BUTLER,

                Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 655954/2025 |
| **MOTION DATE** | 02/05/2026 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 19, 20, 21, 22, 23, 24, 25, 26, 27

were read on this motion to/for      **GUARDIAN AD LITEM**

APPEARANCES:

    Goldberg Weprin Finkel Goldstein LLP, New York, New York (Amy Markel Scotto, Esq., of counsel) for plaintiff.

    Green & Cohen, PC, New York, New York (Michael Ross Cohen, Esq., of counsel) for defendant.

HON. EMILY MORALES-MINERVA:

In this action, non-party movant GREEN & COHEN, PC (Michael Ross Cohen, Esq., of counsel) moves, unopposed, by order to show cause (motion sequence 02), pursuant to CPLR §§ 1201 and 1202, for an order appointing a guardian ad litem for defendant CLYDE BUTLER.

The order to show cause was returnable in Part 42M on January 06, 2026, at 2:30 P.M. At the call of the calendar, plaintiff MBS HOLDINGS I LLC D/B/A MBS HOLDINGS LLC appeared, by

[* 1]

counsel, and non-party movant GREEN & COHEN, PC also appeared. Defendant CLYDE BUTLER did not appear. For the reasons set forth below, the Court grants the unopposed application in its entirety.

"A person shall appear by [his or her] guardian ad litem . . . if [he or she] is an adult incapable of adequately prosecuting or defending his [or her] rights" (CPLR § 1201). "CPLR § 1201 mandates that an adult incapable of adequately prosecuting or defending his or her rights shall appear by his or her guardian ad litem" (Brewster v John Hancock Mut. Life Ins. Co., 280 AD2d 300 [1st Dept 2001] [emphasis added]). "When counsel [becomes] aware of their client's incompetence, it [is] incumbent upon counsel to move, pursuant to CPLR § 1202 (a)(3), for appointment of a guardian ad litem to protect [their client's] interests" (id.).

Further, the guardian ad litem, prior to assuming his or her duties, must submit to the court a written consent to the appointment and an affidavit that demonstrates the ability to pay any damages that his or her negligence or misconduct may cause (see CPLR § 1202 [c] ["No order appointing a guardian ad litem shall be effective until a written consent of the proposed guardian has been submitted to the court together with an affidavit stating facts showing his ability to answer for any damage sustained by his negligence or misconduct"]; see also 239

655954/2025  MBS HOLDINGS I LLC D/B/A MBS HOLDINGS LLC vs. BUTLER, CLYDE          Page 2 of 6
Motion No.  002

[* 2]                                                       2 of 6

East 79th Owners Corp. v Ribler, 2023 WL 4847824, *1 [Sup Ct NY Cnty 2023]).

Here, non-party movant's submissions establish that defendant CLYDE BUTLER is incapable of adequately defending her rights in this matter, and requires the appointment of a guardian ad litem to protect her interests. Specifically, non-party movant submits (1) the notarized affidavit of Josh Butler, defendant's son, attesting that defendant has been diagnosed with Alzheimer's disease, resides at a full-time assisted living facility, and is unable to participate in the defense of this action (see New York State Court Electronic Filing System [NYSCEF] Doc. No. 21, notarized affidavit of Josh Butler); and (2) the prior order appointing a guardian ad litem in the previously litigated summary non-payment proceeding (see MBS Holdings LLC v Clyde Butler, Index No. LT-315488-23/NY, NYSCEF Doc. Nos. 25 and 26, decision and order, dated July 22, 2024 [Civ Ct NY Cnty 2024]).[1]

Therefore, in consideration of the motion papers before this Court and in the absence of any opposition, this Court appoints Paul Mederos, Esq. as guardian ad litem for defendant to safeguard her interests in this action. Paul Mederos, Esq. is from the list of candidates established by the Chief

---

[1] The guardian ad litem appointed in the summary non-payment proceeding was not available for re-appointment in the instant action.

**655954/2025 MBS HOLDINGS I LLC D/B/A MBS HOLDINGS LLC vs. BUTLER, CLYDE**
**Motion No. 002**

**Page 3 of 6**

Administrator of the Courts (Rules of Chief Judge [22 NYCRR] § 36.1 [a]; § 36.2 [a]), and qualifies under section 36.1 (a)(2). Further, Paul Mederos, Esq. has completed all curricula required by the Chief Administrator for appointment as guardian ad litem (see 22 NYCRR § 36.5). Paul Mederos, Esq. consents to the appointment and is financially able to answer for any damages due to misconduct or negligence in defending this matter (see CPLR § 1202 [c]).

Before the next appearance, Paul Mederos, Esq. is directed to file written consent to the appointment and an affidavit showing his ability to answer for any negligence or misconduct (see CPLR § 1202 [c]). Paul Mederos, Esq., as appointed guardian ad litem, must also comply with the certification and reporting requirements of 22 NYCRR § 36.3 (a), (b), and (d).

Accordingly, it is hereby

ORDERED that the motion (seq. no. 02) of non-party movant GREEN & COHEN, PC to appoint a guardian ad litem for defendant CLYDE BUTLER pursuant to CPLR §§ 1201 and 1202, is granted, without opposition; it is further

ORDERED that Paul Mederos, Esq., an attorney licensed to practice law in the State of New York with an office located at 45 Rockefeller Plaza, Suite 2000, New York, New York 10111, is hereby appointed guardian ad litem on behalf of defendant CLYDE BUTLER in accordance with this decision and order; it is further

655954/2025  MBS HOLDINGS I LLC D/B/A MBS HOLDINGS LLC vs. BUTLER, CLYDE        Page 4 of 6
Motion No. 002

4 of 6

[* 4]

ORDERED that, pursuant to Section 36.1 of Part 36 of the Rules of the Chief Judge, the guardian ad litem shall be subject to said Part 36; it is further

ORDERED that, by accepting this appointment, the guardian ad litem certifies that he is in compliance with Part 36, including Section 36.2 (d) ("Limitations on appointments based upon compensation"), but that, if he is disqualified from receiving such appointment pursuant to the provisions of Part 36, he shall notify this Court forthwith; it is further

ORDERED that, by accepting this appointment, the guardian ad litem certifies that he is familiar with the duties and responsibilities of a guardian ad litem, has experience in such area, and is fully capable of assuming, and prepared to assume, those duties and responsibilities, which are commensurate with his abilities; it is further

ORDERED that, pursuant to Section 36.1 (a)(10) of the Part 36 Rules of the Chief Judge, the guardian ad litem is not authorized to hire counsel, an accountant, auctioneer, appraiser, property manager, or real estate broker (secondary appointees) without further order of this Court, and that the guardian ad litem is not authorized to pay fees to any secondary appointee without further order of this Court; it is further

ORDERED that, prior to the next court appearance, Paul Mederos, Esq. is directed to file a written consent to the

**655954/2025 MBS HOLDINGS I LLC D/B/A MBS HOLDINGS LLC vs. BUTLER, CLYDE** Page 5 of 6
**Motion No. 002**

appointment and an affidavit showing his ability to answer for any negligence or misconduct; it is further

ORDERED that, within fifteen days after this decision and order is uploaded to NYSCEF, non-party movant is directed to serve a copy of this order with notice of entry upon plaintiff and defendant CLYDE BUTLER, as well as on Paul Mederos, Esq.; it is further

ORDERED that the parties shall appear for a virtual status conference on March 30, 2026, at 12:00 P.M.; and it is further

ORDERED that the Clerk of Court shall mark the file accordingly.

| | |
|---|---|
| **2/24/2026** | _Emily Morales-Minerva_ |
| DATE | EMILY MORALES-MINERVA, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**655954/2025  MBS HOLDINGS I LLC D/B/A MBS HOLDINGS LLC vs. BUTLER, CLYDE**
**Motion No.  002**

Page 6 of 6

6 of 6