Matter of Emily E.D. v Meschach D.M.

2026 NY Slip Op 02152

April 9, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Emily E.D., Petitioner-Appellant,

v

Meschach D.M., Respondent-Respondent.

Decided and Entered: April 09, 2026

Docket Nos. V-9377-19/23 V-9378-19/23 V-9385-19-23 V-9386-19/23 O-10088/23|Appeal No. 6321|Case No. 2024-07378|

Before: Kennedy, J.P., Kapnick, Higgitt, Michael, Chan, JJ.

Law Office of Bruce A. Young, New York (Bruce A. Young of counsel), for appellant.

Geoffrey P. Berman, Larchmont, for respondent.

Steven P. Forbes, Huntington, attorney for the children.

[*1]

Order, Family Court, New York County (Jacob K. Maeroff, Referee), entered on or about November 25, 2024, which, to the extent appealed, denied so much of petitioner mother's petition for modification of an August 11, 2021 order of visitation as sought to prohibit the father from having the children visit him in Texas, and for visitation in New York to be supervised, unanimously affirmed, without costs. Appeal from dismissal of the mother's family offense petition, unanimously dismissed, without costs, as not having been taken from a nonappealable paper.

The appeal from the dismissal of the family offense petition must be dismissed because no appeal lies from an unsigned transcript (see Nova v Jerome Cluster 3, LLC, 46 AD3d 292, 292 [1st Dept 2007]). Even were we to review the denial of the petition, we would find that the court properly concluded that the mother failed to establish any family offenses by a fair preponderance of the evidence.

There is no basis for disturbing the court's credibility determination crediting the father's version of events over the mother's version (see Matter of D.K. v D.L., 242 AD3d 456, 457 [1st Dept 2025]). There was insufficient evidence to establish the family offense of menacing in the second degree, as there was no testimony or evidence that the father engaged in a "course of conduct" or "repeatedly commit[ted] acts over a period of time" which placed or attempted to place the mother "in reasonable fear of physical injury, serious physical injury or death" (see Penal Law § 120.14[2]; Matter of Kalyan v Trasybule, 189 AD3d 1046, 1048 [2d Dept 2020]). Nor was there sufficient evidence that the father intentionally placed or attempted to place the mother in fear of death, imminent serious physical injury, or physical injury by displaying a deadly weapon or dangerous instrument (see Penal Law §120.14[1]). The petition and testimony similarly fail to support an offense based on menacing in the third degree (see Penal Law § 120.15; see also Matter of Alexandra U. v Shalva S., 214 AD3d 468, 469 [1st Dept 2023]). To the extent that the mother challenges the Referee's jurisdiction, we note that she implicitly consented to the order of reference by actively participating in the proceeding (see Matter of Edward C.Y. v Jessica E.H., 220 AD3d 503, 504 [1st Dept 2023]; Matter of Vanessa R. v Christopher A.E., 173 AD3d 412, 413-414 [1st Dept 2019], lv denied 34 NY3d 948 [2019]).

Although the father exercised poor judgment during visitation with the children, the court's preservation of the current custody and visitation arrangement was supported by a sound and substantial basis in the record, since the record did not reflect that the children's health or safety was ever placed at risk (see Matter of Barry H. v Veronica S., 175 AD3d 427, 428 [1st Dept 2019]).

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 9, 2026